UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

HUNG QUOC NGUYEN,

    Petitioner,

vs.

JEFF MACOMBER,

    Respondent.

No. C 15-0228 NJV (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has also applied for leave to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

A jury convicted petitioner of first degree murder, conspiring to commit murder, shooting a firearm from a car, shooting at an occupied car, and street terrorism. He was sentenced to 53 years to life in state prison. Petitioner's appeals to the California Court of Appeal and California Supreme Court were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir. 1970)).

### B.     Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) testimonial statements were admitted in violation of the Confrontation Clause; (2) the prosecutor committed misconduct by arguing facts not in evidence; (3) a gang expert's testimony was admitted without proper foundation; (4) because the jury did not give an oral verdict on the street terrorism count, his right to a jury verdict was denied; (5) the cumulative error of the admission of the testimonial statements and the prosecutorial misconduct violated his rights; and (6) if any claims are procedurally defaulted due to trial counsel's failure to object, then he received ineffective assistance of counsel. Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

1. Petitioner's motion to proceed in forma pauperis (Docket No. 6) is **GRANTED**.

2. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 29, 2015.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\HC.15\Nguyen0228.osc.wpd

3